IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CLEVELAND WINSTON KILGORE, | * | |
| | * | |
| Petitioner, | * | Civil Action No. RDB-16-1889 |
| | * | Criminal Action No. RDB-06-0115 |
| v | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |
| Respondent | * | |
| | *** | |

**MEMORANDUM OPINION**

Pending are Cleveland Kilgore's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255, "Motion for Leave to Request an Expedited Emergency Stay Order pending Habeas Corpus Adjudication," and "Motion for Leave to Request an Expedited Emergency Bail Hearing," filed on June 6, 2016 (ECF 104, 105, 106). For reasons to follow, this Court will DISMISS the Motion to Vacate as untimely and will decline to issue a Certificate of Appealability. The "Motion for Leave to Request an Expedited Emergency Stay Order pending Habeas Corpus Adjudication" will be DISMISSED AS MOOT and the "Motion for Leave to Request an Expedited Emergency Bail Hearing " will be DENIED.

**BACKGROUND**

Kilgore was convicted by a jury of bank fraud, aggravated identity theft, and aiding and abetting in *U. S. v. Cleveland Kilgore*, Criminal No. 06–0115 (D. Md.). On December 19, 2006, this Court sentenced Kilgore to 149 months incarceration to be followed by five (5) years of supervised release and ordered him to pay restitution. On November 15, 2007, the United States Court of Appeals for the Fourth Circuit affirmed judgment on appeal. *See United States v. Kilgore*, CA4 07–4025. Kilgore did not file a Petition for Writ of Certiorari in the Supreme

Court. (ECF 104 at 2).

Kilgore filed a Petition for Writ of Error Coram Nobis in this Court on September 11, 2007. (ECF 59). This Court denied the Petition on October 17, 2007, and the United States Court of Appeals for the Fourth Circuit affirmed the decision on appeal. *U.S. v. Kilgore*, Civil No. RDB-07-4025, 2007 WL 4022840 (November 15, 2007).

On March 28, 2011, Kilgore submitted a filing captioned as a Petition for Relief pursuant to "Rule 60(d)(1)(3)" to set aside judgment for fraud perpetuated on the court. *Kilgore v U.S.*, Civil No. RDB-10-3502, 2011 WL 846982 (March 5, 2011). Consonant with *Castro v. United States*, 540 U.S. 375, 381–82 (2003), this Court notified Kilgore of its intention to construe the pleading as a Motion to Vacate under 28 U.S.C. § 2255, and granted him twenty-eight days to inform the Court whether he wanted to withdraw or amend the Motion or proceed with it as filed. ECF 90. Noting the § 2255 motion was likely untimely, this Court instructed Kilgore to provide his reasons why principles of equitable tolling applied or the Motion was otherwise timely. *Id*. Although Kilgore was to be granted additional time to comply with case precedent, the Court observed the claim asserted in the filing, *i.e.* that this district court lacked subject matter jurisdiction to adjudicate his criminal proceeding, was frivolous. *Id*. Kilgore did not comply with the Order within the requisite time period, and the Motion was dismissed without prejudice on April 12, 2011. *Kilgore*, Civil No. RDB-10-3502, 2011 WL 846982; ECF No. 96. Kilgore did not appeal the decision.

## PETITIONER'S CLAIMS

Kilgore, who calls himself "Ambassador-Cleveland Winston Kilgore, Jr.," claims that he is detained in violation of international law. (ECF 104 at 15, ECF 104-1). Kilgore also claims the prosecutors in his case conspired with his defense counsel and, as a result, he is incarcerated

due to prosecutorial fraud and deceit. ECF 104. Further, he alleges the Secret Service agents who arrested him lacked probable cause, and the federal prosecutor conspired with Pennsylvania state prosecutors to transport him to the District of Maryland with the assistance of the Federal Public Defender's Office. Notably, these claims are generally stated without supporting facts.

## DISCUSSION

### A. LIMITATIONS PERIOD

Motions to Vacate Sentence are subject to a one year statute of limitations which runs from the latest of several possible dates: the date on which the petitioner's conviction becomes final; the date on which an impediment to making his motion is removed; the date on which the Supreme Court first recognizes the claims raised where a claim is based on a newly recognized right made retroactive to cases on collateral review; or the date on which the facts supporting the claim first could have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4). As Kilgore's claims are not based on evidence that the facts supporting his claim were not discoverable, an impediment to filing the motion was removed, or a newly recognized right was made retroactive to cases on collateral review, the appropriate date for running the limitations period is the date Kilgore's conviction became final.

A conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004). As discussed, Kilgore's judgment of conviction was affirmed on November 15, 2007. Therefore, his judgment of conviction became final on February 15, 2008, when the 90-day period for filing a petition for writ of certiorari with the Supreme Court expired. *See* Sup. Ct. R. 13.1 (requiring petition for writ of certiorari to be filed within ninety days of date of judgment from which review is sought).

Kilgore filed the Motion to Vacate on June 6, 2016, more than eight years after the limitations period ended.

In his Motion, Kilgore cites *McQuiggen v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1928 (2013) (holding there is a miscarriage of justice exception to excuse an otherwise untimely habeas petition), although he does not assert that he is actually innocent of the offenses for which he was convicted. To assert a claim of actual innocence, a petitioner must demonstrate that, in light of newly discovered evidence, it is more likely than not that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928. Kilgore, however, asserts no grounds to demonstrate his innocence. Moreover, Kilgore provides no explanation why he waited for three years to file for collateral relief after *McQuiggen* was decided. 28 U.S.C.§ 2255(f)(3) (running the limitations period from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review).

**B. EQUITABLE TOLLING**

"[T]he one year limitation period is subject to equitable tolling in 'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2004)). To be entitled to equitable tolling, the movant must show (1) that he has acted with "reasonable diligence" in pursuing his rights, and (2) that some extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 653 (2010).[1]

---

[1] Although the limitations period is an affirmative defense, a court may *sua sponte* dismiss a § 2255 petition as untimely. *Hill*, 277 F. 3d 701, 705 (4th Cir. 2002); *see also Sosa*, 364 F.3d 510 n. 4 (4th Cir. 2004) (applying the holding in *Hill v Braxton* to motions under §2255). This Court's *sua sponte* consideration of the limitations period is consistent with Rule 4(b) of the Federal Rules governing §2255

Kilgore asserts generally that he is entitled to equitable tolling "because of the fraud, deceit, lack of jurisdiction and, other claims" raised in the Motion to Vacate. (ECF No. 1). He maintains "there is no time limitation by law of an action of collateral attack of a sentence, and conviction executed through misrepresentation of fraud as this case set forth…." [2] Kilgore offers no explanation for the lengthy delay in filing for relief under § 2255.  Most importantly, Kilgore does not allege government action caused his approximately eight year delay in filing the § 2255 Motion.

In light of the above, Kilgore's "Motion for Leave to Request an Expedited Emergency Stay Order pending Habeas Corpus Adjudication" will be dismissed as moot and his "Motion for Leave to Request an Expedited Emergency Bail Hearing " will be denied.

**CONCLUSION**

For the foregoing reasons, the Motion will be dismissed as time-barred. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a Certificate of Appealability as Kilgore has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 474, 484 (2000) (When relief is denied on procedural grounds, a petitioner must establish that the correctness of the dispositive procedural ruling is debatable and the petition

---

cases, which provides that a court shall dismiss a motion if it plainly appears that the moving party is entitled to no relief, even in the absence of a responsive pleading from the government. Kilgore has adequately addressed the issue of timeliness in his Motion It apparent from Kilgore's Petition pleading that he understands the one-year limitation period and no warning need issue prior to *sua sponte* dismissal. *See e.g. Branch v. United States*, 2014 WL 2159036 (W.D. N.C.).

[2]  Kilgore likely refers to the time limits for filing a Motion for Relief from Judgment to under Fed. R. Civ. P. 60(b) and 60 (c).  On January 15, 2008, this Court denied Kilgore's Motion for Relief under Rule 60(b). (ECF No. 67, 74).

states a debatably valid claim of the denial of a constitutional right.).   A separate Order follows.


  June 29, 2016                     _____/s/_____
Date                                              RICHARD D. BENNETT
                                                  UNITED STATES DISTRICT JUDGE